UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 11-1554(DSD/JSM)

Jonathan F. Fuller,

       Plaintiff,

v.                                           **ORDER**

Mortgage Electronic Registration
Systems, Inc., Wells Fargo Bank,
N.A. and Federal Home Loan
Mortgage Corporation,

       Defendants.

    Patrick D. Boyle, Esq., Christopher P. Parrington, Esq.
    and Foley & Mansfield, PLLP, 250 Marquette Avenue, Suite
    1200, Minneapolis, MN 55401, counsel for plaintiff.

    Erin L. Hoffman, Esq., Charles F. Webber, Esq. and Faegre
    Baker Daniels, LLP, 90 South Seventh Street, Suite 2200,
    Minneapolis, MN 55402, counsel for defendants.

This matter is before the court upon the motion for summary judgment by defendants. Based on a review of the file, record and proceedings herein, and for the following reasons, the motion is granted.

## BACKGROUND

This mortgage-loan dispute arises out of a promissory note and mortgage executed in June 2001 by plaintiff Jonathan F. Fuller for property located at 20945 Independence Avenue, Lakeville, Minnesota 55044. Ver. Compl. ¶¶ 6-7. In March 2009, Fuller refinanced his mortgage and signed a new promissory note (Note) for $320,000 with

defendant Mortgage Electronic Registration Systems, Inc. (MERS). Id. ¶ 11. MERS later assigned the Note to defendant Wells Fargo Bank N.A. (Wells Fargo). Id. ¶ 12.

In April 2008, Fuller contacted Wells Fargo regarding possible modification programs. Id. ¶ 19. In response, Wells Fargo told Fuller that he was ineligible for a permanent loan modification unless he were in default on his mortgage. Id. ¶ 20. Fuller made no additional mortgage payments after May 2008. Id. ¶¶ 18, 21.

In October 2008, Wells Fargo and Fuller executed a permanent loan modification. App. 20-23. The modification reduced Fuller's interest rate from 6.25 percent to 4.25 percent and reduced his monthly payments by roughly $500. Id. at 21. Fuller made payments until June 2009. Id. at 22; Ver. Compl. ¶ 36. Thereafter, Fuller made no payments. Ver. Compl. ¶ 40.

Wells Fargo purchased the property at a foreclosure sale on September 29, 2010. App. 37. The six-month redemption period ended on March 29, 2011, and Wells Fargo transferred the property to defendant Federal Home Loan Mortgage Corporation (Freddie Mac). Id. at 39-42. At the close of the redemption period, Fuller vacated the property. Ver. Compl. ¶ 48. On April 9, 2010, Fuller received a cash-for-keys offer from Freddie Mac. Id. ¶¶ 49, 50. Because of this offer, Fuller believed that he could still lawfully reside at the property, and moved back. Id. ¶¶ 51, 52.

On June 9, 2011, Fuller filed suit in Minnesota court, alleging breach of contract, breach of mortgagee duty, fraud, negligent misrepresentation, promissory estoppel and unjust enrichment.[1] Fuller also seeks a declaration that he has fully performed his obligations and that he is entitled to modification of the Note and injunctive relief tolling foreclosure. Wells Fargo timely removed, and moves for summary judgment.

## DISCUSSION

### I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon

---

[1] Fuller has abandoned his claims for breach of contract, breach of mortgagee duty and promissory estoppel. See Pl.'s Mem. Opp'n 3.

3

mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

**II. Fraudulent and Negligent Misrepresentation**

A claim for fraudulent misrepresentation requires that:

> (1) there was a false representation by a party of a past or existing material fact susceptible of knowledge; (2) made with knowledge of the falsity of the representation or made as of the party's own knowledge without knowing whether it was true or false; (3) with the intention to induce another to act in reliance thereon; (4) that the representation caused the other party to act in reliance thereon; and (5) that the party suffer[ed] pecuniary damage as a result of the reliance.

Trooien v. Mansour, 608 F.3d 1020, 1028 (8th Cir. 2010) (quoting Hoyt Props., Inc. v. Prod. Res. Grp., 736 N.W.2d 313, 318 (Minn. 2007)) (internal quotation marks omitted). "The elements of a negligent misrepresentation claim differ from fraudulent misrepresentation only with respect to the required state of mind ... [in that] a plaintiff must show that the defendant 'supplie[d]

4

false information for the guidance of others in their business transactions' and in doing so 'fail[ed] to exercise reasonable care or competence in obtaining or communicating the information.'" Id. (quoting Florenzano v. Olson, 387 N.W.2d 168, 174 n.3 (Minn. 1986)). Fuller alleges that Wells Fargo falsely stated (1) that he needed to be in default prior to receiving a loan modification and (2) that he was not allowed to live at the property after the redemption period ended.

As to the loan modification, Fuller introduced no evidence to refute the statement that a loan must be in default prior to modification. Moreover, Fuller cannot show detrimental reliance. He contacted Wells Fargo in April 2008 and informed the bank that "he would be unable to make his upcoming monthly mortgage payment." Ver. Compl. ¶ 19. Fuller cannot argue that he would have continued making mortgage payments but for Wells Fargo's statement. See Broberg v. Mortg. Elec. Registration Sys., Inc., No. 11-CV-1623, 2012 WL 1948763, at *2 (D. Minn. May 30, 2012) (granting summary judgment when plaintiffs made no mortgage payments after initial default and "offer[ed] no evidence that, but for [defendant's] statements, [plaintiffs] would have taken some other action to avoid foreclosure or bring their loan current.").

5

Further, Fuller has not shown damages. Fuller argues that Wells Fargo's representation caused the foreclosure.[2] Upon entering default, however, Wells Fargo granted Fuller a permanent loan modification, which was the relief he requested. Wells Fargo did not foreclose the original note, rather foreclosure proceedings were initiated after Fuller failed to make payments following the permanent loan modification. Thus, the statement made by Wells Fargo had no effect on Fuller's foreclosure, and summary judgment is warranted as to this claim.

The statement that Fuller could not live at the property once the redemption period ended also fails to support a misrepresentation claim. The statement is not false. See Minn. Stat. § 504B.285, subdiv. 1(1)(ii) ("The person entitled to the premises may recover possession by eviction when any person holds over real property ... after the expiration of the time for redemption on foreclosure of a mortgage ...."); Fed. Home Loan Mortg. Corp. v. Nedashkovskiy, 801 N.W.2d 190, 192 (Minn. Ct. App. 2011). Therefore, summary judgment is warranted as to the misrepresentation claims.

---

[2] Fuller also argues damages based on late charges and a damaged credit score. Pl.'s Mem. Opp'n 13. These allegations are absent from the verified complaint, and Fuller cannot amend his complaint with a brief in opposition. See Morgan Distrib. Co. v. Unidynamic Corp., 868 F.2d 992, 995 (8th Cir. 1989).

**III. Unjust Enrichment**

To prove unjust enrichment, a plaintiff must show that "another party knowingly received something of value to which he was not entitled, and that the circumstances are such that it would be unjust for that person to retain the benefit." Schumacher v. Schumacher, 627 N.W.2d 725, 729 (Minn. Ct. App. 2001). There can be no unjust enrichment claim, however, where an express contract exists. "[E]quitable relief cannot be granted where the rights of the parties are governed by a valid contract." Pearson v. Bank of Am. Home Loans, No. 11-2592, 2012 WL 1431386, at *4 (D. Minn. Apr. 25, 2012) (quoting U.S. Fire Ins. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (Minn. 1982)). The original Note and the permanent loan modification are contracts, and thus no claim for unjust enrichment can exist.

Moreover, Wells Fargo was entitled to payments under both the original note and the permanent loan modification. See Bohnhoff v. Wells Fargo Bank, N.A., No. 11-3408, 2012 WL 1110585, at *5 (D. Minn. Apr. 3, 2012) (dismissing unjust enrichment claim when mortgagor had preexisting duty to make loan payments). Therefore, summary judgment is warranted as to the unjust enrichment claim.

**IV. Declaratory and Injunctive Relief**

The court has already determined that Fuller did not perform his payment obligation. The court further determined that summary judgement is warranted as to all other claims. As a result,

declaratory judgment is not warranted. Because the court dismisses the complaint, the request for injunctive relief is moot.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that defendants' motion for summary judgment [ECF No. 14] is granted. **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: August 20, 2012

                                            s/David S. Doty
                                            David S. Doty, Judge
                                            United States District Court